Rockingham, }
Jan. 4, 1938. }

SALLY WILLIAMSON *v.* DERRY ELECTRIC COMPANY.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the plaintiff.

*John J. Sheehan* (by brief and orally), for the defendant.

ALLEN, C. J.  The plaintiff was hurt by slipping and falling on the floor of the defendant's office which she had entered on a business errand.  The floor had a special linoleum covering.  It had been waxed, and afterwards, on the morning of the day she was injured, polished.  The day was rainy and the floor was wet from the water of umbrellas and rubbers of persons who had visited the office earlier than the plaintiff.

The defendant admits its duty of care to keep its office in a safe condition for those having proper occasion to enter it, but argues that to impose liability here would require it to furnish safety in spite of care.  As sufficient answer, it might be found chargeable in the exercise of care with the duty to anticipate that if its freshly waxed and polished floor became wet, a danger would be produced which called for measures to be taken to avoid it, and that persons entering the office on a rainy day would naturally cause the floor to become wet.  Care to such extent was properly to be found as no less than persons in general would take under the circumstances and in the defendant's position.  No absolute duty to secure safety is accordingly imposed.  "Nothing was placed upon it [the floor] to assist a firm footing and no warning was given of slipperiness." *Blake* v. *Company*, 266 Mass. 12.

Nor is the plaintiff to be held careless as a matter of law.  Her knowledge of the floor covering was not notice of the work done on it, which findably was required to make it unduly slippery if it became wet.  Moreover, the defendant appears to have conceded the lack of evidence of contributory fault.  By the charge, liability was predicated solely on its fault with no statement of discharge therefrom if she was at fault.  With no exception in respect thereto the charge became binding as the law of the trial.

The rulings that there was a case for the jury and that the verdict was not contrary to the law and evidence were correct.

In argument plaintiff's counsel suggested that the defendant should have placed a runner or strip of carpet on its floor such as was on the court-room floor.  It is asserted that counsel thereby introduced evidence through himself as a witness.  If relevant and unprejudicial, what transpires in the jury's presence and what is necessarily obvious to them is evidence although it is not presented in the

usual manner. It is in the case, as is a view, the manner and appearance of a witness, or a matter of common knowledge. And reference to an object in plain sight may be made if it is an appropriate illustration. *Land &c. Corporation* v. *Company*, 83 N. H. 518, 523.

The defendant requested an instruction that it was liable only if due care would have informed it that the plaintiff was exposed to an undue danger which it had no reason to believe she would appreciate. Its expectation that she would become aware of the danger would be evidence on the issue of its fault, but would not be conclusive to show its freedom from fault. The invitation to enter a dangerous place was extended, and the responsibility for the danger was not, as matter of law, discharged by the plaintiff's notice and appreciation of it. Her right to reasonable safety subsisted even if she learned of the danger to which she was exposed and the maintenance of which constituted an infraction of the right. She did not assume the risk (*Piateck* v. *Swindell*, 84 N. H. 402, 403, and cases cited; *Vidal* v. *Errol*, 86 N. H. 1, 6, 7), and she was without fault if she carefully incurred a known danger. The duty to protect her was not necessarily shifted to a duty of her own to protect herself by reason of her appreciation of the danger. Both duties might run concurrently, and the defendant would be discharged for violating its duty only on proof that she also failed in the performance of her own duty. It follows that the defendant might be liable although it was reasonable to expect that the plaintiff would discover and realize the danger. Whether the law of the trial in effect holding contributory fault not to be in issue is further reason to demonstrate the unsoundness of the request, is not considered. The request was properly denied.

*Judgment on the verdict.*

All concurred.