Hillsborough,  } No. 3162.
May 27, 1940. }

ROBERT PAINE

*v.*

YOUNG MEN'S CHRISTIAN ASSOCIATION.

*Alvin A. Lucier* (by brief and orally), for the plaintiff.

*Albert Terrien* (by brief and orally), for the defendant.

*Per Curiam.* On direct examination the plaintiff was asked: "Is there any question in your mind but what if the bleachers hadn't been so close to the playing surface you would have been able to regain your balance and not fall?" He answered, "That is right."

On cross-examination he testified that the accident would have happened just the same if the bleachers had been placed back fifteen inches from the side line. He said: "I would have had an accident if they were placed that far. . . . I would have if the bleachers were there. . . . I am sure about that."

It is not a situation where the jurors were at liberty to accept one statement and reject the other; for, considering the roughness of the game and the fact that the plaintiff was knocked backward by an opposing player, any opinion that the accident would not have happened if the open space outside the playing area had been a few inches wider would be purely conjectural. The plaintiff's real complaint is that the bleachers were there at all.

But he knew they were there and knew also that players during the progress of the game might be thrown against "anything" that was "around there." With this knowledge he entered a "strenuous game" and it is conceded that his "attention was upon the ball from the moment of entry." Under these circumstances the only reasonable conclusion to be reached is that he voluntarily encountered a known danger with no heed thereto. Such conduct precludes recovery. *Robinson* v. *Railroad*, 85 N. H. 474, 475, 476. See, also, *Williamson* v. *Company*, 89 N. H. 216, 218.

*Judgment for the defendant.*