Bobbye **STONSIFER**, Plaintiff-Appellant,

v.

**COURTNEY'S FURNITURE COMPANY,**
**INC.**, an Oklahoma corporation,
Defendant-Appellee.

No. 72–1518.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 11, 1973.

Decided Feb. 15, 1973.

David C. Shapard of Shapard & Shapard, Oklahoma City, Okl., for plaintiff-appellant.

Kenneth R. Webster, of McKinney, Stringer & Webster, Oklahoma City, Okl., for defendant-appellee.

Before MURRAH, SETH and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a slip and fall case which occurred on January 4, 1970, on premises known as the Wildwood Apartments in Oklahoma City, Oklahoma. Plaintiff had visited the premises for the purpose of looking at an apartment. She had parked in the space allotted for automobiles and had crossed the lawn to get to the manager's office. After seeing the apartment she departed by taking a different route and in doing so traveled a sidewalk on the north side of the apartment house. Allegedly this sidewalk sloped downward and off to one side. At the time that the plaintiff was walking on it, it was covered with ice and had been for some four days. As a result of the fall the plaintiff suffered a broken pelvis and other injuries which are described in the pleadings.

The defendant-appellee took the plaintiff's deposition on January 20, 1971, and on the basis of this deposition filed a motion for summary judgment. The trial court first denied the motion and later granted it on May 19, 1972. The basis for the court's ruling was that "[t]he owner of premises has no obligation to warn an invitee, who knew or should have known the condition of the property, against patent and obvious dangers." The court went on to say that an invitee assumes all normal and ordinary risks and that the owner is under no duty to reconstruct or alter the premises. Finally, the court said that the

plaintiff was fully aware of the snow and ice on the sidewalk and was fully aware of the obvious hazards.

The plaintiff's deposition revealed that although the day in question, January 4, 1970, was clear, there had been snow and cold on preceding days. The plaintiff admitted that she had seen ice on the sidewalk at the time of getting out of her car. She further stated that she had taken perhaps five steps on the ice before the fall. In addition, she said that although she had not seen the ice prior to stepping on the sidewalk, she became aware of it once she was on the sidewalk

In granting summary judgment the trial court applied the decision of the Supreme Court of Oklahoma rendered in Buck v. Del City Apartments, Inc., 431 P.2d 360 (Okl.1967). In the Buck case the plaintiffs, husband and wife, had been guests at a motel. The plaintiff wife fell on icy steps in front of the motel unit or cabin. The weather was inclement and the plaintiffs were fully aware of this. It was determined that the plaintiff held the status of guest and not tenant. Notwithstanding this, the action of the trial court in dismissing the case for insufficiency of the evidence was affirmed. The Oklahoma Supreme Court's opinion noted that "[t]he owner or person in charge of the premises, is not obligated to warn an invitee, who knew or should have known of the condition of the property, against patent and obvious dangers." Saying that "[t]he invitee assumes all normal or ordinary risks incident to the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to remove known and obvious hazards, nor is he liable to an invitee for an injury resulting from a danger which was obvious and should have been observed in the exercise of ordinary care," the court went on to say:

The duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as in the nature of hidden

dangers, traps, snares, pitfalls, and the like—things which are not readily observable. The law does not require the owner or occupant of land to warrant that the invitee shall suffer no injury upon the premises; his duty is discharged when reasonable care is taken to prevent the invitee's exposure to dangers which are more or less hidden, and not obvious. In the absence of a duty neglected or violated, there can be no actionable negligence. Beatty v. Dixon, Okl., 408 P.2d 339; Herndon v. Paschal, Okl., 410 P.2d 549; Sullins v. Mills, [395 P.2d 787] supra; Pruitt v. Timme, Okl., 349 P.2d 4.

It is clear from the evidence that the wife knew or should have known of the general weather conditions. The dangers from them are universally known and were equally as apparent to her as they were to the motelkeepers. There is no evidence here that the usual hazard from the icy condition was in any way increased by an act of the motelkeepers. Where there is no act on the part of the owner or occupant of the premises creating a greater hazard than that brought about by natural causes, dangers created by the elements, such as the forming of ice and the falling of snow, are universally known, and all persons on the property are expected to assume the burden of protecting themselves from them. Sullins v. Mills, supra; see also Hallett v. Furr's, Inc., 71 N.M. 377, 378 P.2d 613; Forbes v. Ruff, 72 N.M. 173, 381 P.2d 960; Carter v. Davis, 74 N.M. 443, 394 P.2d 594.

Significant here was the court's conclusion that

mere slipperiness of snow or ice in its natural state and accumulations does not give rise to liability. Plaintiffs' argument is based on authorities from jurisdictions which have modified the traditional common-law view. These authorities are not persuasive to us. . . .

As the court points out in the *Buck* case, there are some jurisdictions which have modified the traditional common-law viewpoint which obtains in Oklahoma. These cases have imposed a burden on the landlord to exercise a duty of care to an invitee on the premises. They require the exercise of reasonable care toward the invitee and even call for anticipating and remedying conditions which expose the invitee to an unreasonable risk of harm.[1]

■ The plaintiff appellant seeks to bring herself within the Oklahoma exception which allows an invitee to recover where the condition is in the nature of a trap, snare or pitfall. However, the district court refused to find that the condition, even though the sidewalk slanted away from the building and to the side, constituted such a latent hazard. Unquestionably, this would furnish the only tenable legal theory for the plaintiff, for it is very clear that Oklahoma follows the trap, snare or pitfall approach which holds the owner liable to an invitee if, but only if, he maintains a hidden or latent hazardous condition.

■■ At bar the trial court first denied the defendant-appellee's motion for summary judgment, but later granted it. This later and final action was based unquestionably on the decision in Buck

v. Del City Apartments, Inc., *supra*. We cannot say that the trial court failed to accurately follow the Oklahoma law or failed to apply it to the admissions of the plaintiff given in her deposition which was taken by defendant's counsel.[2]

The judgment of the district court is affirmed.

■

---

1. Thus, Prosser on Torts 404 (3rd ed. 1964), points out that where the condition is such that the invitee cannot negotiate it, even though he is fully aware of the conditions, that the court or a jury may be allowed to find that the obviousness, warning or even knowledge is not enough. The following cases are cited: King Soopers, Inc. v. Mitchell, 1959, 140 Colo. 119, 342 P.2d 1006; Reboni v. Case Bros., 1951, 137 Conn. 501, 78 A.2d 887 (electric wires close to crane); [Csiz] Czismadia v. P. Ballantine & Sons, 2 Cir. 1961, 287 F.2d 423 (slippery floor); McCracken v. Curwensville Borough, 1932, 309 Pa. 98, 163 A. 217, 86 A.L.R. 1379 (icy highway); Ward v. Avery, 1931, 113 Conn. 394, 155 A. 502 (slippery floor); Williamson v. Derry Elec. Co., 1938, 89 N.H. 216, 196 A. 265 (same); Seelbach, Inc. v. Mellman, 1943, 293 Ky. 790, 170 S.W.2d 18; Foster v. A. P. Jacobs &

Associates, 1948, 85 Cal.App.2d 746, 193 P.2d 971. Cf. New Orleans & N. E. R. Co. v. Brooks, 1936, 175 Miss. 147, 154, 165 So. 804, 806 (carrier provided reasonable alternative, but knew that public used unsafe way anyway). *Id.* at 404 n. 59.
See also Restatement of the Law of Torts 2d § 343(a).

2. The deposition is unsatisfactory in that the plaintiff was led through some 66 pages of formal and rigid questioning and was never allowed to tell her story in her own way. We are convinced, however, that her admissions as to knowledge of the weather conditions generally and as to cognizance of the ice in particular were such that the result would not have changed even if she had been allowed to express herself with spontaneity.