OPINION OF THE COURT
Richard J. Goldman, J.
Defendant moves to controvert the second felony statement filed by the District Attorney. Defendant has been indicted for robbery in the second degree (four counts), grand larceny in the third degree, criminal use of a firearm in the first degree, robbery in the second degree (two counts), criminal use of a firearm in the second degree, criminal possession of a weapon in the third degree (two counts) and criminal possession of a hypodermic instrument.
The indictment alleges three different incidents occurring on three separate dates having four different victims.
On October 27, 1981 defendant moved this court to withdraw his previous plea of not guilty and to plead guilty to one count of robbery in the first degree. Prior to accepting the plea, the court stated that it would sentence the defendant to a term of imprisonment having a minimum of 6 years and a maximum of 12 years. The plea was then accepted.
*822 On December 14, 1981, the District Attorney filed a second felony offender statement setting forth a predicate felony conviction dated July 15, 1977 (CPL 400.21). The conviction was based on a plea of guilty taken on June 17, 1977.
The plea minutes to the extent relevant to this decision read as follows:
“the court: Do you understanding in pleading guilty you are waiving your right that you have at this time to a trial with a Jury or without a Jury?
“the defendant: Yes.
“the court: In Pleading guilty you are saying, in fact, you did commit the crime and for that reason you do not wish a trial whatsoever?
“the defendant: Yes, sir.
“the court: Is that your desire?
“the defendant: Yes, sir.
“the court: You are also waiving a presumption of innocence you have by Law which means that you do not have to prove your innocence. Contrary wise, the District Attorney must prove, beyond a reasonable doubt that you did commit a crime. You are also foregoing your right to controvert any other evidence produced by the Prosecution. Equally important you are foregoing your right to interpose a defense in your behalf if you so desire.
“Anybody force you to give up these rights?
“the defendant: No, sir.”
Defendant now claims that the plea cannot be used as a predicate felony because defendant was not advised of all of his Boykin rights (Boykin v Alabama, 395 US 238).
CPL 400.21 (subd 7, par [b]) prohibits the use of any conviction obtained in violation of defendant’s rights under the United States Constitution. It does not provide that a violation of a statutory right or a conviction in violation of a policy of New York State is grounds for nonuse of such conviction (see, e.g., People v Alston, 83 AD2d 744, application for lv to app den 54 NY2d 835).
*823 The issue facing this court is whether the failure to advise defendant of a Boykin right invalidates the plea under the Constitution of the United States.
In State v Ballard (66 Ohio St 2d 473, 477-478) the court set forth the differing views of different jurisdictions as follows:
“There is a split of authority as to whether the complete omission of a Boykin constitutional right alone is cause to nullify a guilty plea. The answer to this question rests upon how Boykin is interpreted. Some courts read Boykin as requiring guilty pleas to be no more than voluntarily and knowingly entered, and hold that failure to mention, in any manner, a Boykin right does not necessarily result in an involuntary and unknowing guilty plea. See, e.g., Roddy v. Black (C.A. 6, 1975), 516 F.2d 1380, certiorari denied 423 U.S. 917; Wilkins v. Erickson (C.A. 9, 1974), 505 F.2d 761; Todd v. Lockhart (C.A. 8, 1974), 490 F.2d 626; McChesney v. Henderson (C.A. 5, 1973), 482 F.2d 1101; Beavers v. Anderson (C.A. 10, 1973), 474 F.2d 114; Wade v. Coiner (C.A. 4,1972), 468 F.2d 1059; United States v. Frontero (C.A. 5, 1971), 452 F.2d 406; Smith v. State (1978), 264 Ark. 329, 571 S.W.2d 591; State v. Colyer (1976), 98 Idaho 32, 557 P.2d 626; Davis v. State (1976), 278 Md. 103, 361 A.2d 113; Commonwealth v. Morrow (1973), 363 Mass. 601, 296 N.E.2d 468; State v. Propotnik (1974), 299 Minn. 56, 216 N.W.2d 637; State v. Turner (1971), 186 Neb. 424,183 N.W.2d 763; State v. Martinez (App.1976), 89 N.M. 729, 557 P.2d 578; Heffley v. Warden (1973), 89 Nev. 573, 516 P.2d 1403; State v. Lambert (1976), 266 S.C. 574, 225 S.E.2d 340; Merrill v. State (1973), 87 S.D. 285, 206 N.W.2d 828; Wood v. Morris (1976), 87 Wash.2d 501, 554 P.2d 1032.
“Other courts have held that for a guilty plea to be voluntarily and intelligently entered, the defendant must be informed that he is waiving his Boykin rights. See, e.g., Easterling v. State (Ala.Crim.App.1977), 352 So.2d 33; People v. Rizer (1971), 5 Cal. 3d 35, 484 P.2d 1367; State v. Bugbee (1971), 161 Conn. 531, 290 A2d 332; Williams v. State (Fla. 1975) 316 So.2d 267; Williams v. State (1975), 263 Ind. 165, 325 N.E.2d 827; Brainard v. State (Iowa 1974), 222 N.W.2d 711; People v. Jaworski (1972), 387 *824 Mich. 21, 194 N.W.2d 868; State v. Holden (La.1979), 375 So.2d 1372; Boag v. State (1980), 44 Ore.App. 99, 605 P.2d 304; and State v. Mackey (Tenn.1977), 553 S.W.2d 337.”
The court notes that Ohio has a special statutory provision that mandates the giving of the Boykin rights. Similarly, Michigan cited for the per se rule* has a specific statutory provision requiring the plea court to advise defendant of his Boykin rights. In People v Kuchulan (390 Mich 701, 704) the court held that the failure to inform a defendant of a Boykin right did not render the plea invalid under “Federal constitutional law.” The court did hold the plea invalid under the State statute. Similarly, Connecticut apparently has held that failure to advise defendant of a Boykin right is not a violation of the United States Constitution but of State policy (see Consiglio v Warden, 160 Conn 151; and discussion of that case in State v Bugbee, 161 Conn 531).
It appears that the majority of jurisdictions, and all Federal courts, which have decided this issue, have rejected the per se rule, and find that the Constitution requires only that a plea be entered knowingly and voluntarily. The majority of courts which have adopted the per se rule have done so as State policy and not as a constitutional requirement.
Defendant argues that this court is bound by the decision of the Appellate Division, Second Department, in People v Pruitt (83 AD2d 872). Defendant interprets the Pruitt decision as setting forth a per se rule that any failure of a plea court in advising of a Boykin right prohibits the court from using a plea as a predicate felony. The District Attorney argues that the Pruitt decision was vacated by the Appellate Division, Second Department, on December 1, 1981, and therefore is not binding on this court.
The court rejects both the argument of the District Attorney and the argument of defense counsel.
The fact that the Appellate Division on December 1, 1981, vacated its decision because the appeal was moot does not in any way affect the rationale of the case. A similar situation can be found with relation to the case of *825 Matter of District Attorney of Kings County v Angelo G. (48 AD2d 576). In that case the Court of Appeals remanded the case to the Appellate Division and directed it to dismiss the appeal (38 NY2d 923). The Appellate Division then dismissed the appeal (51 AD2d 1040). Nonetheless, the rationale and the original decision has consistently been upheld and consistently cited by the courts for its holding, even though the appeal had ultimately been dismissed (see, e.g., Matter of Pidgeon v Rubin, 80 AD2d 568). Indeed, the Appellate Division, Second Department, has cited the Pruitt decision with approval, and thus adopted that case (People v Bennett, 86 AD2d 674).
The court finds that it is bound under the doctrine of stare decisis to follow the decision in People v Pruitt (83 AD2d 872, supra) even though the decision has been vacated as moot.
The court, however, disagrees with defendant’s interpretation of the Pruitt case. Pruitt (supra) is a decision limited to the facts and the record on appeal that the Appellate Division had before it. All the Appellate Division had in that case were the minutes of the plea. Absent a showing in the minutes or otherwise by the District Attorney that the plea was knowingly and intelligently entered, the court found that the failure to advise defendant of his Boykin rights mandated that the plea could not be used as a predicate felony. It did not adopt the per se rule that every failure to advise the defendant of a Boykin right violates the Constitution. The court had before it a record under which it had to make the decision. In People ex rel. Woodruff v Mancusi (41 AD2d 12, app dsmd 34 NY2d 951) the Appellate Division, Fourth Department, found that a plea was knowingly and voluntarily entered even though the plea court failed to advise defendant of his Boykin rights. The Appellate Division, Second Department, has cited Woodruff with approval (see People v Brady, 59 AD2d 744). Nothing in the Pruitt decision indicates that the Appellate Division, Second Department, disagrees with the holding in Woodruff.
Further substantiation for the position that all that is required is a knowingly and voluntarily entered plea comes from People v Nixon (21 NY2d 338). The Court of *826 Appeals ruled that in New York there is no mandatory uniform catechism. Indeed, in one of the cases discussed in People v Nixon (supra) there was little or no allocution at all (see People v Fooks found in People v Nixon, supra). The court held that in order to be a constitutional plea all that was required was that the plea be entered knowingly and voluntarily. To adopt defendant’s interpretation of Pruitt would be to require New York to adopt a mandatory uniform catechism with regard to the Boykin rights. This court declines to do so.
The court finds that Pruitt (supra) and Woodruff (supra) are consistent with each other, and that all that the Constitution requires is that a plea be entered knowingly and voluntarily; nothing more — nothing less. (People v Francis, 38 NY2d 150.)
What has been said about the Pruitt decision is equally applicable to the decision in People v Bennett (86 AD2d 674, supra).
Ordinarily a hearing on this issue would be required. In this respect this court respectfully disagrees with the holding of the court in People v Washington (111 Misc 2d 596). In People v Pruitt (83 AD2d 872, supra) the court said, “defendant was not told, nor did the People show that he knew”. It is clear that the Appellate Division would afford the People an opportunity to show that the plea was entered knowingly and voluntarily, even though the plea minutes did not show that defendant was advised of his Boykin rights.
People v Brown (67 AD2d 949) is not to the contrary. In that case, the court limited itself to the plea minutes because that was all that was presented on the record on appeal. The court in no way adopted a rule limiting review to plea minutes. (Cf. People v Bennett, 83 AD2d 579, mod 86 AD2d 674.)
In People v Hannibal (NYU, Sept. 21, 1981, p 13, col 3 [Cahn, J.]) the court decided this very issue on the basis of the plea minutes because the parties had advised the court (p 14, col 1) “that the only evidence to be offered on this hearing would be the transcript”. Clearly, the court had ordered a hearing, but the District Attorney declined to *827 submit any evidence but the plea minutes. Thus, like the court in Pruitt (supra) and in Brown (supra), a decision was made based upon the evidence presented to the court.
In the case at bar although a hearing would ordinarily be required, the plea minutes and the record clearly indicate that the 1977 plea was entered knowingly and intelligently, and therefore no hearing is necessary.
Prior to the 1977 indictment defendant had been arrested four times, three of which were dismissed and one which resulted in youthful offender treatment. He was thus no novice to the criminal justice system (see People v Miller, 42 NY2d 946). In 1977 defendant stated to the Probation Department the following: “The defendant reports that he had no money and was not working at the time of the offense. He reports that he was looking for an apartment to break into and entered the building at 47 Powers Street. The defendant states that he knocked at the complainant’s door and when no one answered he forced the door open and went inside. The defendant states he looked around but just then the complainant DeFina came in. He reports that DeFina threatened him and so he grabbed his hammer and threatened the complainant and therefore got away. He reports that he was grabbed by several individuals who chased him from 47 Powers Street about six blocks away and they held him for police. The defendant states that he now considers his act stupid and he is sorry that he participated in the instant offense.” Defendant had been indicted in 1977 for the crime of burglary in the second degree, a class C felony. He was thus subject to a maximum term of imprisonment of 15 years. Instead, defendant chose to plead guilty to burglary in the third degree with a promise of probation. At the time of his allocution defendant was informed of his right to a jury trial and waived such right. The plea court also informed him that he had a right to “controvert” the People’s evidence and to interpose any defense. While this may not in literal language constitute informing defendant of his right to cross-examine witnesses, the right to “controvert” substantially communicated to defendant that concept. Defendant was also informed that by choosing to plead guilty he was in effect admitting the crime and that *828 no trial would be had. This substantially communicated to the defendant that he had a right to exercise the option to remain silent and that by pleading guilty he was admitting his guilt. As stated in People v Castro (37 NY2d 818, 820) “the trial court was explicit that it was trying to put the matter in layman’s language so that defendant would understand what it is saying. Such an effort should not be subjected to legalistic hypertechnical examination.” After examining the plea minutes in a realistic manner rather than a legalistic hypertechnical manner this court finds that the 1977 plea was entered knowingly arid voluntarily. The Constitution requires nothing more.
This court does not decide whether State policy requires that at every plea a mandatory catechism covering each and every Boykin right be delivered by the plea court. CPL 400.21 permits defendant to challenge the predicate felony only on the grounds of the constitutionality of the plea and not on the basis of State public policy.
The court notes that if it grants defendant’s motion it must also inform defendant that he has a right to withdraw his plea. When this court accepted the plea the six-year minimum term was an essential part of the plea bargain. Absent such an agreement this court would not have accepted defendant’s plea. If the court were to grant defendant’s motion the court would desire to impose a minimum sentence of six years. In order to do that the court would have to sentence defendant to a maximum of 18 years. Thus, defendant would receive a greater sentence than that for which he bargained. If the court were to grant defendant’s motion and were to grant the defendant the right to withdraw his plea, defendant would be subjecting himself to a maximum term of 25 years on each of three different counts, which could possibly run consecutive to each other.
The court, having found that the 1977 plea was entered knowingly and voluntarily, must deny defendant’s motion.
The motion to controvert the second felony offender statement is denied, and defendant is adjudicated a second felony offender.

 Under the per se rule, the failure of the plea court to specifically mention any of the Boykin rights renders the plea automatically invalid.