OPINION OF THE COURT
Shirley R. Levittan, J.
On August 11, 1982, defendant pleaded guilty to the crime of attempted robbery in the second degree (Penal Law, §§ 110.00, 160.10), a class D felony. The People have now filed a statement, pursuant to CPL 400.21, indicating defendant be sentenced as a second felony offender (Penal Law, § 70.06). Defendant challenges the use of his prior felony conviction as a predicate, alleging his plea of guilty was obtained in violation of the United States Constitution (CPL 400.21, subd 7, par [b]). Defendant contends that the court, on his prior conviction, neglected to advise him of his rights outlined in Boykin v Alabama (395 US 238). Specifically, defendant argues that the failure to inform him of his right to a trial by jury voids the use of this conviction for the purposes of section 70.06 of the Penal Law.
Defendant’s prior felony conviction was based upon a plea of guilty to the crime of attempted robbery in the third degree (Penal Law, §§ 110.00, 160.05), a class E felony, for which he received a sentence of one year in prison. At the time of the plea, April 28,1971, defendant was 17 years old and was represented by an attorney. While this court agrees that there is no uniform mandatory catechism to guide a court when accepting a plea (People v Nixon, 21 NY2d 338, 353), the minutes of the 1971 weak factual allocution indicate specifically that the defendant was *244 never advised of his privilege against self incrimination, the right to confront his accusers, or the right to a trial by jury. When a guilty plea is entered in a criminal action, defendant’s waiver of these three basic rights cannot be presumed from a silent record (Boykin v Alabama, 395 US 238, 242-243, supra).
The failure of the court in 1971 to advise defendant that by pleading guilty he was waiving his privilege against self incrimination and his right to confront witnesses, standing alone, would not void the use of this conviction as a predicate (see People v Abbott, 113 Misc 2d 766, 785-786 [Lang, J.]). Defendant was represented by counsel and pleaded to a single count in satisfaction of the entire indictment. However, these omissions, coupled with the court’s neglect in not warning defendant that by pleading guilty he was giving up his right to a trial by jury, cast doubt on the propriety of the plea and conviction as a basis for a predicate felony sentence.
The right to trial by jury is a fundamental common-law right that, by its very essence, is the right most significantly abandoned when a defendant enters a plea of guilty.
To demonstrate the prominence of the right to a trial by jury the United States Supreme Court in Duncan v Louisiana (391 US 145) looked to the repeated public demands for this right through early English history and the Magna Carta* to the English Bill of Rights of 1689 and the writings of Blackstone. To further show its importance, the court sketched the roots of the jury system from the First Continental Congress, the Declaration of Independence, the drafting of the Constitution and through its own prior decisions (391 US, at. pp 151-155). From this historical perspective the court concluded the right to a trial by jury is fundamental to our legal system to protect criminal defendants from arbitrary law enforcement and overzealous prosecution. So strong was the Nation’s commitment to the jury system, the court concluded, that the right to a trial by jury should apply to the States through the due process clause of the Fourteenth Amendment (391 US, at p *245 156). This need for protection against governmental oppression afforded by a jury trial has been held to apply to all crimes where the possible punishment exceeds six months (Baldwin v New York, 399 US 66). Indeed, some have insisted the right should apply to all crimes, not just those deemed ‘“serious”’ (399 US, at p 75). Clearly the right to a jury trial in a criminal case is not only the cornerstone of our system of justice, it is one of its glories. It should not be lightly disregarded or deemed waived.
The Appellate Division, First Department, has of yet not addressed the issue of the propriety of a conviction where the court has failed to advise a defendant that by pleading guilty he was giving up the right to a trial by jury. However, the Appellate Division, Second Department, has ruled that where the minutes of a plea do not demonstrate defendant was aware that by pleading guilty he was waiving his Boykin rights, specifically the right to a trial by jury, that conviction was constitutionally defective and could not serve as a predicate felony for sentencing under section 70.06 of the Penal Law. (People v Bennett, 86 AD2d 674; People v Pruitt, 83 AD2d 872; People v De Berry, 73 AD2d 652.) Perhaps the most analogous of the cases to the case at bar is Pruitt. There the defendant also was not advised of his right to a jury trial or of his right to confront witnesses and his privilege against self incrimination. Accordingly, the conviction was deemed not to be a predicate for sentencing (.People v Pruitt, supra).
Relying on People v Ayala (112 Misc 2d 821 [Goldman, J.]), the People argue that Pruitt did not adopt a per se rule that would prevent the use of a conviction as predicate every time a Boykin right is omitted and is therefore limited to its facts. The People contend that all that is required to sustain a conviction as a predicate felony is a knowing and voluntary plea (112 Misc 2d, at p 825). Furthermore, they argue that the record in the case at bar demonstrates that this plea meets that standard.
It is not necessary for this court to decide whether Pruitt (supra) created a per se rule of exclusion or not. It is only relevant that this court, like the court in Pruitt, cannot and will not presume from a silent record that a plea of guilty was entered into knowingly and voluntarily (Boykin v *246 Alabama, 395 US 238, 242, supra), especially in view of the other weakness in the allocution. In this respect the People’s reliance on Ayala (supra) is misplaced. Unlike the case at bar, the record of the plea allocution in Ayala indicates the defendant was warned that by pleading guilty he was waiving his right to a trial by jury. (People v Ayala, supra, p 822.)
The court also cannot agree with the People’s argument that the record demonstrates defendant entered into his plea voluntarily and intelligently. Although he was represented by counsel, he only replied “Yes” to a weak factual allocution and never verbally admitted a single essential element of the crime. Furthermore, defendant did not have an extensive criminal record in 1971. Though, he has compiled a long list of arrests since, prior to the arrest that led to the 1971 plea defendant was arrested several other times which resulted in an adjudication of a youthful offender in 1968 and a plea of guilty to an A misdemeanor in 1970. This record is not sufficient to conclude defendant, a mere 17 year old, sufficiently understood the impact of his guilty plea.
Therefore, the failure to advise defendant that by pleading guilty he was waiving his right to a jury trial along with his other Boykin rights, the weak factual allocution, make it impossible to conclude defendant’s 1971 plea was entered voluntarily. As a result, the court agrees with defendant that this conviction cannot be used as a predicate felony for the purposes of sentencing (see CPL 400.21, subd 7, par [b]).

 The court admitted that historians no longer accept that our jury system can be traced from the Magna Carta (Duncan v Louisiana, 391 US, at p 151, n 16).