Although I agree with the majority that the summary judgment is due to be affirmed in this case, I write to emphasize that the appropriate analysis should consider the Restatement(Second) of Torts § 343A (1965), which reads:
 "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Emphasis added).
Since I wrote my dissent in Grider v. Grider,555 So.2d 104 (Ala. 1989), this Court has employed this analysis inBreeden v. Hardy Corp., 562 So.2d 159 (Ala. 1990), andCampbell v. Valley Garden Apartments, 600 So.2d 240
(Ala. 1992).
The emerging trend among other jurisdictions is toward adoption of the "foreseeability" rule of § 343A. Kremerv. Carr's Food Center, Inc., 462 P.2d 747 (Alaska 1969) (applying § 343A); Courtney v. Allied FilterEngineering, Inc., 181 Ill. App.3d 222, 129 Ill.Dec. 902,536 N.E.2d 952 (1989) (applying § 343A); Douglass v.Irvin, 549 N.E.2d 368 (Ind. 1990) (applying the "foreseeability" rule of § 343A); Konicek v. LoomisBros., Inc., 457 N.W.2d 614 (Iowa 1990) (applying § 343A); Murray v. Eastern Maine Medical Center,447 A.2d 465 (Me. 1982) (acknowledging adoption of § 343A);Riddle v. McLouth Steel Products Corp., 440 Mich. 85,485 N.W.2d 676 (1992) (applying the "foreseeability" rule of § 343A); Adee v. Evanson, 281 N.W.2d 177 (Minn. 1979) (applying the "foreseeability" rule); Kronen v.Richter, 211 Mont. 208, 683 P.2d 1315 (1984) (adopting § 343A); Burns v. Veterans of Foreign Wars,231 Neb. 844, 438 N.W.2d 485 (1989) (applying the "foreseeability" rule of § 343A); Klopp v. Wackenhut Corp.,113 N.M. 153, 824 P.2d 293 (1992) (holding that an occupier of a premises of public accommodation must safeguard invitees from dangers reasonably foreseeable); Southern Ry. v. A.D.M.Milling Co., 58 N.C. App. 667, 294 S.E.2d 750 (1982) (applying § 343A), review denied, 307 N.C. 270,299 S.E.2d 215 (1982); Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120 (1983) (applying the "foreseeability" rule). These courts have abolished the traditional common-law "open and obvious danger" defense, which completely bars recovery if the danger is known by, or is obvious to, the plaintiff.
Other courts have limited the "open and obvious" rule without specifically adopting § 343A but by holding that the entrant's knowledge of a dangerous condition or its obviousness does not, ipso facto, preclude recovery. Lewis v. UnitedStates, 663 F.2d 818 (8th Cir. 1981) (applying Florida law) (holding that obviousness does not necessarily relieve the landowner of a duty of care); King Soopers, Inc. v.Mitchell, 140 Colo. 119, 342 P.2d 1006 (1959) (obviousness of danger not relevant "where the condition is one which the invitee would not expect to find in the particular place, or his attention is distracted by something on the premises, or the condition is one, such as icy steps, which cannot be encountered with reasonable safety even though the invitee is aware of it"); Tissue v. Volta, 102 U.S.App.D.C. 389,254 F.2d 88 (1957) (holding that a landlord must use reasonable care under all the circumstances); Harrison v. Taylor,115 Idaho 588, 768 P.2d 1321 (1989) (rejecting the traditional "open and obvious danger" defense and instead using standard of "ordinary care under the circumstances"); Williamson v.Derry Electric Co., 89 N.H. 216, 196 A. 265 (1938) (holding that invitee's knowledge and appreciation of danger do not discharge landowner's duty to provide a reasonably safe premises); and Parker v. Highland Park, Inc.,565 S.W.2d 512 (Tex. 1978) (abolishing the "open and obvious danger" rule of no duty).
The Restatement view reflects a growing judicial awareness that occupiers of premises are generally in a better position *Page 1166 
in modern society to protect the public from hazards than are invitees who must go into public places to function in that society. In addition, the Restatement view encourages landowners to repair defects, rather than to keep them "open and obvious" in order to avoid liability under the traditional approach. Furthermore, the Restatement view properly balances the interests of landowners and invitees. It sets out "a requirement of due care to make the conditions reasonably safe — a requirement that might well be satisfied by warning or obviousness in any given case, but that would not be so satisfied invariably." 5 F. Harper, F. James D. Gray,The Law of Torts, § 27.13, p. 241 (2d ed. 1986). In striking a balance between the interests of landowners and invitees, the Restatement view has been described as follows:
 "The Restatement, Torts 2d rules avoid the rigidity of the traditional commonlaw rule by permitting the courts to hold that a plaintiff's knowledge of the danger does not necessarily absolve the occupier of liability, and permit a plaintiff to recover if it appears and is found that the risk was one which would not be anticipated or appreciated by the invitee, or where the occupant can and should anticipate that the dangerous condition will cause harm to the invitee notwithstanding its known or obvious danger, as where, for example, the plaintiff, in encountering it, did so not wholly as a matter of choice."
62 Am.Jur.2d Premises Liability § 157, pp. 524-25 (1990).
In determining whether the possessor of land has breached a duty owed to an invitee, the Restatement view requires a determination of whether the possessor has reason to expect that the invitee will suffer physical harm, despite the invitee's knowledge of a danger on the land, in which case the possessor must warn the invitee or take other reasonable steps to protect the invitee. Restatement (Second) of Torts
§ 343A cmt. f (1965). Reasons that may cause the possessor to expect harm to visitors from known or obvious dangers include situations where
 "the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it . . . or proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."
Restatement (Second) of Torts § 343A cmt. f (1965). Other factors that may be relevant in determining whether a possessor should have anticipated harm include actual notice of previous injuries, the nature of the structure, the availability of an alternative, the nature and degree of the darkness, the seriousness of the danger, and the kind and extent of any warning that may have been given. See Parkerv. Highland Park, Inc., 565 S.W.2d 512 (Tex. 1978).
Under the facts of this case, there is nothing in the evidence to indicate that Sequoyah should have anticipated the harm that occurred to Hale, despite her knowledge of the ditch or the obviousness of the danger it posed. As the majority notes, Sequoyah provided a bridge as an alternative route to the portable restrooms. In addition, the evidence indicates that the danger posed by the condition of the ditch was not a serious danger, because other people were crossing the ditch without any trouble. The plaintiffs presented no evidence of any other reason that would cause Sequoyah to expect that Marcella Hale would be harmed because of the condition of the ditch. Therefore, I agree with the majority that the summary judgment in favor of Sequoyah is due to be affirmed.
SHORES, J., concurs. *Page 1167