Bazazi v. Michaud                    CV-93-70-SD    01/09/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Kambiz Bazazi

    v.                                      Civil No. 93-70-SD

Leo Michaud, et al


O R D E R


This order addresses the issues raised by certain pending

pretrial motions.


1.  Defendant's Motion In Limine to Exclude Evidence of Prior

Injuries, document 34

Plaintiff was injured while sparring with another student in

a martial arts class at which defendant Michaud was the

instructor.[1]  Apparently, on two prior occasions when Michaud

himself engaged in contact with a student, such student sustained

injuries.  Accordingly, defendant moves to exclude evidence of

such injuries, and plaintiff objects.  Document 42.

These dissimilar prior incidents do not, as plaintiff

_____

[1]The other participant, James Shortridge, was originally
added as a party defendant to this litigation.  Subsequently,
however, the plaintiff voluntarily dismissed the action against
Shortridge pursuant to Rule 41(a)(1), Fed. R. Civ. P.

suggests, serve to support the plaintiff's claims against defendant Michaud in the defendant's capacity as an instructor. Finding that admissibility of such irrelevant evidence, Rule 401, Fed. R. Evid., combined with the fact that its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issue, Rule 403, Fed. R. Evid., the court grants the defendant's motion. There is to be no reference to these prior incidents of injury in the trial of this litigation.

## 2. Defendant's Motion In Limine to Exclude Testimony of Dr. Weiss, document 35

Dr. Martin Weiss is a medical witness for plaintiff. Although he has apparently been deposed, defendant Michaud, citing to his expert disclosure letter, moves to bar testimony concerning the effect of future trauma on the plaintiff's existing injuries. Plaintiff objects. Document 41.

New Hampshire law makes it clear that, while a defendant may rebut a plaintiff's medical evidence by introducing evidence of "possibilities", plaintiff's medical evidence must be couched in terms of "probabilities". Appeal of Stetson, 138 N.H. 293, 297, 639 A.2d 245, 248 (1994); Tzimas v. Coiffures by Michael, 135 N.H. 498, 501, 606 A.2d 1082, 1084 (1992); Wilder v. Eberhart, 977 F.2d 673, 676 (1992), cert. denied, ___ U.S. ___, 113 S. Ct.

2

2396 (1993).  Accordingly, if the videotaped testimony of Dr. Weiss is not framed in terms of probabilities, it will not serve to carry the plaintiff's burden of proving the causative effect of future trauma on plaintiff's existing injuries.  Otherwise put, if in fact the videotape deposition testimony couches such causation in terms of "could", the testimony will not be admitted.

Plaintiff suggests, however, that even if the testimony is not admissible to prove the effect of future trauma on existing injuries, it would be admissible to show the reasonableness of plaintiff's fear of increased risk of blindness and other injuries of the eye.  Plaintiff posits this theory on a federal case which applied the law of Tennessee.  Sterling v. Velsicol Chem. Corp., 855 F.2d 1188 (6th Cir. 1988).

In New Hampshire, however, one may not recover damages for emotional distress absent proof that a physical injury resulted therefrom.  Thorpe v. State, 133 N.H. 299, 304, 575 A.2d 351, 353-54 (1990).  This in turn requires proof grounded on probabilities.  Id.

As the court has not yet been furnished the transcript of the videotape deposition of Dr. Weiss, it must at this juncture defer authoritative ruling on the defendant's motion.  If, however, the testimony of Dr. Weiss is framed in terms of

3

"could", the court will direct its excision from the tape shown to the jury, and such evidence will not be presented. If, on the other hand, the tape is couched in terms of probabilities, then it will be admissible, and the jury will be allowed to receive such testimony.

3. Defendant's Motion In Limine to Exclude Testimony of Steven D. Warren, document 36

Steven D. Warren is plaintiff's martial arts expert. He has apparently been trained in a different specialty of martial arts than that practiced by the defendant Michaud. Defendant accordingly challenges his credentials to express an opinion with respect to the negligence of defendant Michaud. Plaintiff objects. Document 43.

The "gatekeeper" duties assigned to federal trial judges in Daubert v. Merrell Dow Pharmaceuticals, Inc., ___ U.S. ___, ___, 113 S. Ct. 2786, 2795 (1993), require the judge to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id., 113 S. Ct. at 2799. Otherwise put, the judge determines "whether it is reasonably likely that the expert possesses specialized knowledge which will assist the trier better to understand a fact in issue." United States v. Sepulveda, 15 F.2d 1161, 1183 (1st Cir. 1993), cert.

4

denied, ___ U.S. ___, 114 S. Ct. 2714 (1994).

The initial focus of the dispute as delineated in deposition excerpts attached to the presentations of each party is to the effect that Mr. Warren is trained in "Shotokan Karate", while defendant Michaud is trained in "Kempo".  Moreover, on two occasions, Warren admitted that he was not an expert in Kempo. Deposition of Steven D. Warren at 20, 24.

Arrayed against such admissions are more than 18 years' experience in martial arts instruction and considerable experience in serving as a referee of martial arts contests.  It further appears that the defendant Michaud agrees that Kempo is not a single martial arts form, but a composite of many others, Defendant's Exhibit B at 40, 46, and as Warren has had at least eight hours of observing Kempo matches, Warren Deposition at 80, 81, the court finds and rules he is qualified to testify as to the safety with which the sparring match here at issue was conducted.  International Adhesive Coating Co. v. Bolton Emerson Int'l, Inc., 851 F.2d 540, 544-45 (1st Cir. 1988).

Analysis of Warren's testimony as to the so-called "fight or flight" response leads the court to rule, however, that he is not qualified to testify as to the brain reaction necessarily involved therein.  Warren's college studies, Warren Deposition at 43, 44, even combined with his martial arts training, id. at 45,

5

do not, the court finds, empower him to express an opinion with respect to what is essentially a medical question.

Accordingly, the defendant's motion is granted as to exclusion of any testimony with respect to the "fight or flight" response, but in all other respects the motion is herewith denied.

## 4. Plaintiff's Motion for Partial Judgment on the Pleadings, document 39

Plaintiff claims a right to a judgment on the affirmative defense of comparative negligence. Document 39. Defendant objects. Document 44.[2]

Plaintiff apparently equates comparative negligence in this litigation with the doctrine of "assumption of the risk." The court has already ruled out any defense grounded on such "assumption of the risk." Order of April 19, 1994, document 27, at 3.

However, this does not rule out the defense of comparative negligence. It has long been the rule in New Hampshire that those who engage in sporting events can themselves be found legally at fault if, in encountering the known danger involved in

---

[2]For reasons unclear, plaintiff has also filed a "response" to the defendant's objection. Document 45.

6

such sports, they fail to do so carefully.  <u>Bolduc v. Crain</u>, 104 N.H. 163, 181 A.2d 641 (1962); <u>Paine v. YMCA</u>, 91 N.H. 78, 13 A.2d 820 (1940).[3]  Accordingly, the motion must be denied.

## 5.  Plaintiff's Motion In Limine to Bar Evidence of Plaintiff's Pre-Existing Injuries, document 40

In the course of his deposition, defendant Michaud testified that he had heard, from either plaintiff or another party, that plaintiff had suffered a prior eye injury.  Defendant's Exhibit A at 83, 84.  He was unable to specify the source of such information.

Defendant's inability to so identify the source of information requires that the plaintiff's motion be granted, and the testimony is herewith excluded.

## 6.  Conclusion

For the reasons hereinabove stated, the court has granted the defendant's motion in limine to exclude evidence of prior injuries, document 34; deferred ruling on defendant's motion in limine to exclude testimony of Dr. Weiss, document 35; granted in

---

[3]In <u>Bolduc v. Crain</u>, <u>supra</u>, the plaintiff's injuries were incurred while he was participating in a "horse pulling" contest at a county fair.  In <u>Paine v. YMCA</u>, <u>supra</u>, the plaintiff, while playing basketball, sustained injuries when he fell into the bleachers while chasing a loose ball.

part and denied in part defendant's motion to exclude testimony of Steven D. Warren, document 36; denied plaintiff's motion for partial judgment on the pleadings, document 39; and granted plaintiff's motion to bar evidence of plaintiff's prior injuries, document 40.

The court will reserve rulings on the respective parties' objections to exhibits (documents 37 and 38) until the time of proffer of such exhibits at trial.

SO ORDERED.

                                                 _____

Shane Devine, Senior Judge
United States District Court

January 9, 1995

cc:  Edward M. Van Dorn, Jr., Esq.
      Wilfred J. Desmarais, Jr., Esq.