CATHERINE VANCE *vs.* THE WAYSIDE INN, INC.

Middlesex.   March 5, 1957. — March 29, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, &
WHITTEMORE, JJ.

*Negligence,* One owning or controlling real estate, Wayside Inn.

Evidence did not warrant a finding that a corporation whose principal
   business was to preserve Wayside Inn as an ancient, historical inn
   and to maintain its adjacent grounds in their original, primitive state
   was negligent in permitting a hole, by reason of which a business visi-
   tor fell and was injured, to exist in a sheep path beside a grist mill
   where the corporation ground and sold meal.

TORT.   Writ in the Superior Court dated January 14,
1949.

The action was tried before *O'Connell,* J.

*Thomas B. Shea,* (*Thomas A. Collins* with him,) for the
plaintiff.

*George T. Padula,* (*Thomas H. Mahony & Edward F.
Mahony* with him,) for the defendant.

COUNIHAN, J.   This is an action of tort in which the plain-
tiff seeks to recover damages for personal injuries sustained
by her when a guest at an inn operated by the defendant in
Sudbury.   The defendant pleaded a general denial, contribu-
tory negligence, and that as a charitable corporation organ-
ized under G. L. (Ter. Ed.) c. 180 it is not liable in tort.
*McDonald* v. *Massachusetts General Hospital,* 120 Mass. 432.
The action was submitted to a jury who returned a verdict
for the plaintiff.   The judge pursuant to leave reserved
entered a verdict for the defendant, to which the plaintiff
excepted.   There was no error.

We are informed [1] that Wayside Inn, formerly called the

---

[1] See Longfellow, Complete Poetical Works, edited by Horace E. Scudder,
Houghton Mifflin Company (1893).

Red-Horse Inn, was erected in about 1663 by an English family called Howe. It was one of the oldest institutions of its kind in this country. It was made famous and given its later name by the renowned poet Henry Wadsworth Longfellow in 1863 in his "Tales of a Wayside Inn." Henry Ford, whose hobby was the restoration of old and historic places, acquired the inn in 1923. The building and grounds were restored as nearly as possible to their original condition and the building was operated as an ancient inn. As part of the activities there was a grist mill across the street which was operated by water power. Extensive farming, sheep and chicken raising, and the production of dairy products were carried on. An old fashioned garden and an orchard were cultivated. It was one of the show places in this part of the country and attracted many visitors. As a side line meals were served and over night lodgings were provided at the inn. Meal was ground and sold at the mill. At one time a school for boys was maintained at the inn. Henry Ford paid all deficits from these operations from his personal funds.

In 1944 the defendant was organized under G. L. (Ter. Ed.) c. 180 for "Scientific, educational and charitable purposes . . . and preserving for posterity buildings, places and objects of historical . . . interest." Henry Ford, II, was one of the incorporators. In 1945 Henry Ford and his wife conveyed all the land and buildings to this corporation.

On October 3, 1948, the members of a labor organization and their ladies held an outing at the inn. They were furnished a meal at the inn the payment for which gave them the use of all the facilities of the place. After they had eaten, some of the women including the plaintiff decided to visit the grist mill to purchase some meal. They found all of the doors of the mill locked. As the plaintiff was descending a path to the right of the mill, she stepped into a hole in the path and fell sustaining injury. The hole was generally round but ragged and old — about twelve inches in diameter and about six inches deep. The path was made and used by sheep going to and from the water at the mill.

· At the time of the accident the sun was shining; the plaintiff's vision was good and she could see the path; there was nothing to prevent her from seeing whatever was on the path in front of her.

We assume in the plaintiff's favor that she was a business invitee. The only issue we find it necessary to discuss is whether the defendant was negligent in permitting this hole to exist on the path upon which the plaintiff was walking. The principal business of the defendant was to maintain the inn and the adjacent grounds in their original, primitive state. Photographs of the premises show that the terrain was rough and uneven and in substantially its natural state. It is obvious, it seems to us, that the plaintiff should have been aware of these conditions. A business invitee has no complaint if the condition of premises is incidental to the business there conducted and to be ordinarily expected by an invitee. *Byron* v. *Fresh Pond Open Air Theatre*, 333 Mass. 121, 124. *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702, 705. See *Campbell* v. *Dearborn*, 175 Mass. 183, 185; *O'Hanley* v. *Norwood*, 315 Mass. 440, 442.

For many reasons *O'Brien* v. *Peterson*, 329 Mass. 427, relied upon by the plaintiff, is distinguishable.

*Exceptions overruled.*