IRENE C. MCKINSTRY & another *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY. November 6, 1958. Exceptions overruled. There was no error in directing a verdict for the defendant in this tort action for personal injuries. The female plaintiff fell on a clinker on a flight of steps leading to the yard office of the defendant in Worcester to which she had gone to report her husband's continued illness and collect his pay. We assume that the injured plaintiff was an invitee. But a "business invitee has no complaint if the condition of premises is incidental to the business there conducted and to be ordinarily expected by an invitee." *Vance* v. *Wayside Inn, Inc.* 335 Mass. 617, 619. *LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc.* 323 Mass. 702, 705. The steps were made of timbers, laid in a rough and weed covered bank, adjacent to railroad tracks and, according to the plaintiffs' evidence, usually had clinkers and other debris on them. The injured plaintiff who had used the steps often testified that "there was always things on the stairs, clinkers, and papers and weeds," and for this reason "she was going down there slowly as she always did." We think that clinkers were incidental to the business in the yard, were to be expected, and were expected by the injured plaintiff. It is immaterial that the judge gave a different reason for directing the verdict. *O'Meara* v. *Adams*, 283 Mass. 396, 398.

The case was submitted on briefs.

*John J. Wondolowski & Edward A. Ryan*, for the plaintiffs.

*William J. Noonan*, for the defendant.