THIRD NATIONAL BANK & TRUST CO., executor, *vs.* REITER OLDSMOBILE, INC. January 4, 1972. The judge directed a verdict for the defendant in this action of tort and contract for fire damage to a building caused by the negligence of the defendant tenant. The judge did not require the defendant to specify the reasons on which its motion for a directed verdict was based, but stated for the record that it was the judge's opinion that the lessee was exempted from liability by a clause in the lease. It is therefore open to the defendant to support the ruling on another ground. *Connors* v. *Wick*, 317 Mass. 628, 630. *McKinstry* v. *New York, N. H. & H. R.R.* 338 Mass. 785. As the defendant points out, the bill of exceptions does not disclose sufficient evidence of negligence to warrant a finding for the plaintiff. The defendant's service manager testified that he was responsible for a portable electric heater, that he turned it off each night, and that he did not recall turning it off on the Friday night in question. A lieutenant from the State fire marshal's office gave the opinion that the fire, which was reported the following Sunday afternoon, was caused by an overheated portable electric heater left running. This testimony does not exclude the possibility that the fire resulted from a defect in the heater of which the defendant had no notice. Hence a finding of negligence would have rested in surmise and conjecture. *Wardwell* v. *George H. Taylor Co.* 333 Mass. 302, 305. *Dolan* v. *Suffolk Franklin Sav. Bank*, 355 Mass. 665, 669–670.

*Exceptions overruled.*

*Gerard L. Pellegrini* for the plaintiff.
*Philip J. Shine* for the defendant.