After a mistrial was declared in this slip and fall case, the court granted defendant's motion for summary judgment. Plaintiff appeals.
The issue, as stated by the defendant is, "did the plaintiff, an invitee, present a scintilla of evidence tending to show that the defendant breached any duty owed to the plaintiff when plaintiff fell at 12 o'clock noon, July 3, 1976, in defendant's municipal park in a grassy area under sweet gum trees and plaintiff claims she lost her footing [while descending a slight incline] when she stepped on something that rolled, maybe a sweet gum ball or a twig?" We hold that the answer is in the negative, that summary judgment was appropriate and affirm.
The facts are that on July 3, 1976, the plaintiff went to the city park in Lipscomb about 10:00 a.m. and purchased tickets for barbecue which was being sold by the city in connection with its Fourth of July and Bicentennial celebration. She returned around noon to pick up the barbecue and ascended a slight incline to an elevated area where the barbecue was being sold. She obtained five boxes of barbecue, and as she turned around and walked down the slight incline to return to her car, "something, under my right foot, I don't know what it was, something just rolled and I hit the ground." As a result of the fall, Mrs. Shaw suffered a compound fracture of her leg. At the time of the fall, Mrs. Shaw admitted she did not look at the ground to see where she was placing her feet and that she went up and down the incline in approximately the same place. She was wearing tennis shoes and bifocal glasses. The incline is not any higher than three feet. Later, on cross-examination, she stated, in answer to the question as to what she might have stepped on that caused her to fall, "No sir, I don't know whether a twig or sweet gum or what all, I know it rolled." Mrs. Shaw is 59 years of age, 5 feet 3 inches tall and weighed approximately 207 pounds at the time of the accident. Shortly after the accident, a witness saw some small limbs and sweet gum balls scattered over the area where Mrs. Shaw fell. The limbs were about half an inch in diameter and were broken up in small pieces. He testified the sweet gum balls were black and old looking. A Council person for the City of Lipscomb *Page 814 
testified that the grassy area in the vicinity of Mrs. Shaw's fall had been cleaned, the grass had been cut and it had been raked up and the trees whitewashed before the barbecue. There were pine, oak, wild cherry and sweet gum trees in the area where Mrs. Shaw fell.
After a trial before a jury which lasted several days, the jury reported to the court that it was unable to agree and the court declared a mistrial. Thereafter, defendant's motion for summary judgment contending that the plaintiff had failed to present a scintilla of evidence tending to show that defendant had breached any duty owed to plaintiff was granted.
On this appeal the plaintiff's contention is that the city did not exercise ordinary care to render and keep the premises in a reasonably safe condition for such business invitees as Mrs. Shaw. She contends she parked where she was expected to park, chose the most direct route from the parking place to pick up the items, the same route other customers used, that it was necessary to traverse a slight incline in order to pick up the barbecue previously purchased, that the incline was dangerous for persons carrying items and that the city should have foreseen that those expected to traverse the incline might fall on round objects such a sweet gum balls and small fragments of sticks. Therefore, plaintiff contends the city violated its duty to keep the premises in a reasonably safe condition and that at least there was a scintilla of evidence to go to the jury on that question. Plaintiff relies principally on Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968); and Folmar v. Montgomery Fair Co.,293 Ala. 686, 309 So.2d 818 (1975). Moreover, Mrs. Shaw contends that in cleaning up the area a few days before, the city voluntarily assumed the task of keeping the area in a reasonably safe condition under the rule of Beasley v.MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844, 846
(1971), and when Mrs. Shaw fell as a result of stepping on the sweet gum balls and twigs or something else, this made a case for the jury.
In sum, the defendant says that, as a matter of law, it is not negligent because there were sweet gum balls and twigs in a park, in a grassy area, under sweet gum trees. Defendant chiefly relies on the following cases, Tice v. Tice,361 So.2d 1051 (Ala. 1978); Vance v. Wayside Inn, Inc., 335 Mass. 617,141 N.E.2d 365 (1957); Byrnes v. National Casualty Co.,45 So.2d 408 (La.App. 1950).
At the outset, we will restate some of our well-known rules regarding slip and fall cases. There is no question that the plaintiff, on the occasion in question, was a business invitee of the defendant and therefore the duty owed to her by defendant was the exercise of ordinary and reasonable care to keep the premises in a reasonably safe condition. Tice v. Tice, supra. Of course, the owner of the premises in such cases is not an insurer of the safety of his invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to an invitee.
As the defendant points out, in brief, "the law doesn't say that for every injury there is a remedy. It says for everywrong there is a remedy." The owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part. Tice v.Tice, supra.
In order for the plaintiff to recover she must prove that her fall resulted from a defect or instrumentality on the park premises which was the result of the defendant-city's negligence of which the defendant-city had or should have had notice at the time of the accident. Tice v. Tice, supra. At one point in her testimony, the plaintiff asserted that she did not know what it was that caused her fall. At another point, she suggested that it may have been a twig or sweet gum ball.
Plaintiff argues that this evidence establishes a jury question under Folmar v. Montgomery Fair Co., Inc., supra. We think that case is distinguishable from the *Page 815 
case at bar because there was evidence in that case from which a jury could find that Montgomery Fair breached its duty by obstructing aisles which were intended to be used by customers for walkways. The plaintiff here simply suggests that sweet gum balls or twigs may have been the cause of her fall. She admits that she was not looking down at the ground to see where she was putting her feet and that she did expect to find sweet gum balls under sweet gum trees. The plaintiff could not expect the city to keep the ground in a park area under sweet gum trees clean of all sweet gum balls all of the time. These are items normally expected to be found under these trees.
Slip and fall cases, arising out of falls in food stores, have generally involved snapbeans, lettuce leaves and the like, materials which are foreign objects on the floor. Twigs and sweet gum balls are not foreign objects on the ground under sweet gum trees. See Vance v. Wayside Inn, Inc., supra, andByrnes v. National Casualty Co., supra. As the court in Louisiana pointed out in Byrnes v. National Casualty Co. in writing to a case where plaintiff fell in a parking lot surfaced with clam shells:
 ". . . [W]e must take into consideration the nature of the establishment, and we must undertake to determine just what type of service the user would have a right to expect. A person walking through a store is justified in assuming that the floor is level and smooth. But where a person walks in a parking lot, surfaced with shells, it must be realized that [this] surface will have indentations and depressions, and the person using it must exercise such care as may be required in the use of such a surface, and we do not see that it can be said to be actionable negligence of the owner of such a surface to allow indentations such as that which is indicated by the evidence here to remain."
Likewise, in the case at bar, the park appears to have been in a natural and normal condition with shade trees and grass and twigs and sweet gum balls. We cannot say that the city violated any duty in failing to clean up all of the sweet gum balls or twigs which may be found on the ground underneath the trees.
Nor, do we think that Foodtown Stores, Inc. v. Patterson, supra, militates against this result. There, plaintiff fell in a grocery store near the produce department. She was knocked unconscious by the fall, and testified that when she regained consciousness, she saw two snapbeans on the floor, although there was no evidence in the case as to the condition of the beans and she did not see them before her fall. An employee testified he had swept and straightened up the produce section just prior to her fall. This Court held that there was sufficient evidence to submit the case to the jury, and the judgment was affirmed on appeal. We do not consider that case to be pertinent to the issues in the case at bar because the snapbeans were foreign objects on the floor while twigs and sweet gum balls were not foreign objects on the ground in a public park under sweet gum trees. Neither does the rule ofBeasley, supra, affect this case.
In sum, the plaintiff has simply not produced that scintilla of evidence which necessitates the case going to the jury so that the jury might conclude that the defendant has breached a duty owed to plaintiff. We find no error in the granting of the summary judgment for defendant.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 816