Hurley, J.
This is an appeal by the plaintiff, Priscilla Conant, seeking to review the allowance of defendant’s motion to dismiss under Dist./Mun. Cts. R. Civ. P., Rule 12(b)(5), (6), and (9). Plaintiff claims to be aggrieved by (1) the allowance of defendant’s motion to dismiss, (2) the lack of specificity of the grounds for allowance, and (3) by the denial of plaintiffs motion to alter or amend the judgment.
The reported evidence indicates that plaintiff brought suit in contract to recover $50,000.00 allegedly loaned to defendant corporation. Defendant subsequently filed a motion to dismiss alleging insufficiency of service of process, Rule 12(b)(5), failure to state a cause of action upon which relief can be granted, Rule 12(b)(6), and pendancy of a prior action in a court of the Commonwealth, Rule 12(b)(9). Attached to the defendant’s motion to dismiss were copies of a temporary order of the Suffolk Probate Court, dated July 8, 1986. The court allowed defendant’s motion without further comment and entered judgment in its favor on January 26, 1988. On February 3, 1.988, plaintiff filed a motion to alter or amend the judgment, which was denied.
Since the judge did not specify on which ground he granted the defendant’s motion to dismiss, it should be noted that all the grounds underlying that motion are open for appellate review. Gallant v. Worcester, 383 Mass. 707, 709 (1981); Pupecki v. James Madison Corp., 376 Mass. 212, 215 (1976). Plaintiff presents and we find no authority for the proposition that the judge should, in each case, be called upon to state reasons justifying his actions. Thus, we find that the plaintiff was aggrieved by neither the motion j udge’s lack of specificity, nor by denial of plaintiffs motion to alter or amend the judgment seeking clarification as to which grounds the court relied upon.
The remaining issue is whether there existed any basis for dismissing the plaintiffs claim on the Rule 12(b) motions. On motion of the defendant the court may, in its discretion, “dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of the court.” Mass. R. Civ. P., Rule 41 (b)(2). The effect of such dismissal, unless otherwise provided for in the rules or as specified by the court, operates as an adjudication upon the merits. Mass. R. Civ. P., Rule 41(b)(3). In the case at bar, defendant grounded his motion to dismiss on insufficiency of process, failure to state a claim upon which relief may be granted, and the existence of a prior pending action in the Probate and Family Court; the allowance of the motion is proper if there is any ground on which the motion should have been granted. Alholm v. Town of Wareham, 371 Mass. 621, 625 (1976); Third National Bank & Trust Co. v. Reiter Oldsmobile, Inc., 360 Mass. 871 (1972); Greeley v. Zoning Board of *149 Appeals of Framingham, 350 Mass. 549, 551 (1966).
We cannot say that the court acted improperly in allowing defendant’s motion to dismiss. The reported evidence indicates that the defendant corporation was never properly served with a complaint in accordance with the rules. In addition, plaintiffs complaint, which alleges that plaintiffs husband lent money to defendant corporation, fails to set forth any contractual obligation between the parties to this action, and thus justifies a dismissal by the court under rule 12(b)(6). Finally, the subject matter involved in this case ( $50,000.00 allegedly owed to plaintiff), is the subject of a dispute involving the plaintiff and attorney Sherwin L. Kantrowitz (sole shareholder of defendant corporation), which is currently pending in the Suffolk Probate Court. This suit has been brought before this court prematurely, and was thus properly dismissed.