This is an appeal of a summary judgment entered in favor of the defendant. We affirm.
The issues are: (1) what duty did the defendant, Georgia Marble Company, owe the plaintiff? and (2) was there evidence of a breach of that duty?
The plaintiff, David Armstrong, was an employee of Turner Painting Company, which had entered into a contract with Georgia Marble Company to sandblast and paint buildings owned by Georgia Marble; those buildings were located in Sylacauga, Alabama.
On July 10, 1986, Armstrong arrived at one of the buildings. He was instructed to help other employees wash the side of the building to prepare it for sandblasting and painting. Turner Painting Company was working on two roofs, a higher roof and a lower roof; the lower roof had skylights. Armstrong was helping other employees unload equipment onto the lower roof. Ken Turner, owner and vice-president of Turner Painting Company, instructed Armstrong and another employee to go to the higher roof and drop some ropes down to the lower roof. Sometime between the time Armstrong unloaded the equipment and the time he went to drop ropes from the higher roof, Turner told Armstrong that there were skylights on the lower roof of the building. Armstrong was not told where on the lower roof the skylights were located. There was dispute in the testimony as to whether these skylights were easily seen. Armstrong continued to work on the lower roof. As Armstrong began to leave the lower roof, he fell through a skylight and was injured.
Armstrong sued Georgia Marble for damages for the personal injuries he suffered in the fall. The court entered a summary judgment for Georgia Marble and Armstrong appealed.
A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. In reviewing a summary judgment, this Court must view the evidence in the light most favorable to the nonmoving party. Folmar v. Montgomery FairCo., 293 Ala. 686, 309 So.2d 818 (1975).
The duty owed by Georgia Marble Company to Armstrong is determined by whether the relationship between Georgia Marble Company and Armstrong was that of an owner of a premises and a business invitee or that of a master and a servant. Here, the parties agree that Georgia Marble Company did not retain the right to *Page 1053 
control the details of the work to be done by Turner Painting Company and its employees. Because Georgia Marble Company did not retain any control over the work to be done, the relationship between Georgia Marble Company and Armstrong was not that of a master and a servant. Their relationship was that of an owner of premises and a business invitee.
The owner of premises owes a duty to business invitees to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of ordinary care, the danger can be avoided. Knight v. Seale, 530 So.2d 821
(Ala. 1988) (citations omitted). In the instant case, skylights located on a roof where work was being done could be considered a dangerous condition. However, the owner of premises need not warn of dangers or defects that the business invitee knows of or that should be observed by the invitee in the exercise of reasonable care. Beck v. Olin Co., 437 So.2d 1236 (Ala. 1983).
The record reflects, without dispute, that Butch Pair, an employee of Georgia Marble Company, told Ken Turner, co-owner and vice-president of Turner Painting Company, and the supervisor on the job, about the skylights. Thus, Georgia Marble Company fulfilled any duty it had when it warned Ken Turner of the existence of the skylights.
In Crawford Johnson Co. v. Duffner, 279 Ala. 678,189 So.2d 474 (1966), this Court held that any duty on the part of the defendant to warn of dangers in the workplace would ordinarily be discharged by giving notice of the dangers to all supervisory personnel of the plaintiff. In that case, the plaintiff's employer had contracted with the defendant to repair a boiler. The plaintiff's employer knew of the defective switch on the boiler but failed to warn the plaintiff. This Court held that the defendant could not be held liable to the plaintiff because it had discharged its duty by warning the plaintiff's employer of the danger.
Once a third party discharges its duty by warning the employer, the duty of warning each of the employer's individual employees falls to the employer. "[T]he owner or occupier of particular property has a duty to warn the employees of an independent contractor who has undertaken to do work on the property, of dangers that are hidden on or inhere in that property, and . . . this duty is discharged if those in charge of the work for the independent contractor are given warning or have knowledge of the danger." Gulf Oil Corp. v. Bivins,276 F.2d 753, 758 (5th Cir. 1960) cert. denied, 364 U.S. 835,81 S.Ct. 70, 5 L.Ed.2d 61 (1960); see, also, Cook v. BranickManufacturing, Inc., 736 F.2d 1442 (11th Cir. 1984).
Georgia Marble, through the undisputed evidence that it gave notice to the plaintiff's employer, made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law, Rule 56(c), A.R.Civ.P. The plaintiff did not rebut that showing. Thus, the trial court properly entered the summary judgment for Georgia Marble.
We disagree with the trial court's conclusion that Armstrong was contributorily negligent as a matter of law. However, because the summary judgment was properly entered because of Georgia Marble's undisputed discharge of its duty, we need not discuss the contributory negligence issue here.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur. *Page 1054