Sharon Howell, individually and as the next friend of Robert Shane Rhodes, appeals from a summary judgment for Barry and Carol Cook on Howell's claim of negligence. We affirm.
Viewed most favorably toward Howell, the supporting deposition sets out the following facts: Robert Shane Rhodes (hereinafter "Shane") and a friend of his offered to mow the Cooks' lawn. Carol Cook agreed, and a price was arranged, with the provision that Shane and his friend use their own lawnmowers and gasoline.
Shane was not wearing shoes as he mowed, and had stepped on numerous over-ripe peaches that had fallen from a nearby peach tree; while mowing a steep incline in the backyard of the Cook's house, Shane stepped on a hard, green peach. He lost his balance and fell; his foot slipped under the lawnmower and his foot was injured.
Howell filed the complaint on May 16, 1989; the Cooks answered on July 26, 1989. The Cooks also filed a motion for summary judgment, which was granted on April 24, 1990.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter summary judgment. The trial court must determine: 1) that there is no genuine issue of material fact; and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56, RNH, Inc. v. Beatty, 571 So.2d 1039
(Ala. 1990). In determining if summary judgment is proper, the trial court must view the motion in a light most favorable to the nonmovant, and, in reviewing a summary judgment, this Court is limited to reviewing the factors and evidence considered by the trial court when it granted the motion. Turner v. SystemsFuel, Inc., 475 So.2d 539 (Ala. 1985).
Rule 56 is to be read in conjunction with the "substantial evidence rule" for actions filed on or after June 11, 1987. See § 12-21-12, Alabama Code 1975, and Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Therefore, in order to defeat a properly supported motion for summary judgment, Howell must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). Howell has failed to present substantial evidence that the Cooks breached any duty owed to Shane.
Shane was a business invitee on the Cooks' property, a fact admitted by both parties. Therefore, the Cooks owed Shane a duty to exercise reasonable care in maintaining their premises in a reasonably safe condition; but "the owner of the premises in such cases is not the insurer of the safety of his invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to the invitee." Bogue v. R M Grocery, 553 So.2d 545,547 (Ala. 1989), citing Shaw v. City of Lipscomb, 380 So.2d 812,814 (Ala. 1980). For there to be any recovery for damages, it must be proven that Shane's fall resulted from a defect or instrument on the Cooks' lawn that was the result of their negligence and was something the Cooks had, or should have had, notice of at the time of the accident. Shaw, 380 So.2d at 814.
This case is factually similar to Shaw v. City of Lipscomb.
In Shaw, the plaintiff sought damages for injuries sustained when she slipped and fell in a city park on sweet gum balls that had fallen from a nearby tree. We said:
 "Slip and fall cases, arising out of falls in food stores, have generally involved snapbeans, lettuce leaves and the like, materials which are foreign objects on the floor. Twigs and sweet gum balls *Page 229 
are not foreign objects on the ground under sweet gum trees. . . .
 ". . . [T]he park appears to have been in a natural and normal condition with shade trees and grass and twigs and sweet gum balls. We cannot say that the city violated any duty in failing to clean up all the sweet gum balls or twigs which may be found on the ground underneath the trees."
380 So.2d at 815.
Just as it is natural and normal to find sweet gum balls under a sweet gum tree, so is it natural and normal to find peaches under a peach tree. As the plaintiff in Shaw could not expect the city to keep the ground under the sweet gum tree free and clean of all sweet gum balls all the time, Howell could not expect the Cooks to keep their grounds free of peaches. The Cooks violated no duty by not cleaning their yard of all the peaches found underneath the peach tree.
In Sutton v. Mitchell Co., 534 So.2d 289 (Ala. 1988), we noted that " 'An invitor is not liable for injuries to an invitee resulting from a danger which was known to the invitee or which should have been observed by the invitee in the exercise of reasonable care.' " 534 So.2d at 290, quoting Quillen v.Quillen, 388 So.2d 985, 989 (Ala. 1980). The record clearly reflects that Shane knew of the peaches, that the peaches were on the ground when he began cutting the yard, that he had stepped on several peaches prior to the accident (including some that he could not see), and that he was not paying attention to the peaches that might have been on the ground in front of him. Shane was fully aware of the peaches and of the fact that some were lying on the ground.
For the reasons stated, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.