SHORES, Justice.
The plaintiff, Elvin Richards, appeals from a summary judgment entered for the defendant, Ronald Henderson, d/b/a Twin Valley Farms. We affirm.
Richards was employed by Henderson and was assigned miscellaneous duties to perform at Henderson’s farm in Autauga County, Alabama. On October 27, 1989, Richards was instructed to clear a pecan grove in order for the pickers to harvest the pecans. Richards testified that his supervisor, Buddy McDaniel, told Richards and his coworker, Bill Merriweather, to get a chain and remove the dead tree limbs. Richards would use a tractor to lift Merri-weather up to a dead limb, and Merriweather would then tie a chain around the limb and Richards would lower him. Richards then maneuvered the tractor in order to tighten the chain, and eventually the dead limb was pulled down. Richards would get off the tractor, take the chain off the limb, and add the limb to an existing pile. Richards had been cleaning up the pecan orchard for approximately five days prior to the accident.
Richards testified that, while he was in the process of removing a chain from a limb, another limb fell from a tree and broke his arm. Richards testified that he himself decided how to do his work and that he was aware that tree limbs sometimes fell in a pecan grove. There is conflicting testimony as to whether McDaniel instructed Richards to use a chain to pull limbs down from the trees. McDaniel was not present when the injury occurred. Richards testified that McDaniel was concerned about safety and that the farm was generally operated in a safe manner.
On August 3, 1990, Richards filed a complaint in the Autauga County Circuit Court. Henderson filed a motion for summary judgment, which was granted on March 12, 1991. Richards appealed.
Richards claims that Henderson was negligent in failing to warn him of the dangers connected with doing this type of work, in instructing him to use an unsafe and dangerous method of performing his work, and in directing and allowing him to stand un: der the trees as he pulled down loose limbs.
The facts of this case are similar to those of Sexton v. Prisock, 495 So.2d 581 (Ala.1986). The facts there were as follows: The plaintiff and his two coworkers were cutting down trees as requested by his *710 supervisor when he was struck on the head by a falling tree. The plaintiff claimed that his supervisor was negligent in failing to give him instructions on how to safely perform the task assigned to him, in failing to warn of the dangers associated with his assigned task, and in failing to provide safety helmets. We affirmed a summary judgment for the defendant.
This Court has previously written:
“There is no duty to warn when the danger is fully known to the party who [may be] injured. Crawford Johnson & Co. v. Duffner, 279 Ala. 678, 681, 189 So.2d 474, 476 (1966). Similarly, there is no duty to warn of open and obvious defects which the [other] party should be aware of in the exercise of reasonable care. Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala.1980); Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978); Hand v. Butts, 289 Ala. 653, 656, 270 So.2d 789, 791 (1972). The law does not require the doing of a useless act.”
Owens v. National Security of Alabama, Inc., 454 So.2d 1387, 1389 (Ala.1984).
According to Richards’s own deposition testimony, he was aware that there is always a danger of tree limbs falling in a pecan grove. Richards conceded in his testimony that because pecan trees are especially brittle, it is more likely that limbs will fall from a pecan tree than that limbs will fall from other kinds of trees. Because Richards had previously worked in pecan groves and had removed limbs from about 10 trees before his injury, we must conclude that he knew or should have known of the dangers incidental to falling limbs.
In Howell v. Cook, 576 So.2d 227 (Ala.1991), we noted that it was natural and normal to find peaches under peach trees. Howell involved an injury to an invitee who had slipped on a peach under a peach tree. We affirmed a summary judgment for the defendant landowner. Just as it is natural and normal for peaches to be under peach trees, so it is natural and normal for limbs to fall from pecan trees. If one is injured by a falling limb, it does not logically follow that someone has committed a negligent act. This was an act of nature, not of man. Under these circumstances, we hold that Henderson had no duty to warn Richards of the danger posed by falling limbs.
For the reasons stated, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.