Ola Mae **WATKINS, et al., Plaintiffs,**

**Liberty Mutual Insurance Co., Plaintiff–Intervenor,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 89–H–1285–N.**

United States District Court, M.D. Alabama, N.D.

April 30, 1992.

Allen W. Howell, for plaintiffs.

Rushton, Stakely, Johnston & Garrett, T. Kent Garrett, Montgomery, Ala., for plaintiff-intervenor.

Kenneth E. Vines, U.S. Atty., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, District Judge.

This matter is before the Court on defendant United States' motion for summary judgment, as amended. Plaintiffs Watkins have filed their response on December 18, 1991.

## JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1346. Personal jurisdiction and venue are not contested.

## SUMMARY JUDGMENT STANDARD

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-mov-

ing party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In further elaboration on the summary judgment standard, the Court has said that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The court is to construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### FACTS

Bama Janitorial Services held the contract with the Air Force to provide janitorial services for some of the buildings on Gunter Air Force Base in Montgomery, Alabama. Ola Mae Watkins worked for Bama Janitorial Services. One of her responsibilities was cleaning the N.C.O. Club. She went to work at 4:00 in the morning, so that she would be able to finish before the Club opened for breakfast. The N.C.O. Club has at least two doors, one in front and one in back. Ms. Watkins was issued a key to the back door.

In late 1987, Central Contracting, Inc., was awarded a contract to renovate the N.C.O. Club. As she reported to work, Ms. Watkins noticed that Central was excavating around the N.C.O. Club. There were a number of holes near the back door of the Club. Ms. Watkins asked her supervisor for a key to the front door so that she

would not have to step over the holes. Her supervisor did not give her one. She also asked the assistant manager of the Club, an agent of the defendant, for a key. He promised to give her one but failed to do so.

On February 10, 1988, in the early morning hours before daylight, while attempting to avoid a board with a large nail in it, Ms. Watkins fell into a hole on her way to the back door of the N.C.O. Club and injured her left knee. The hole was not posted with any sort of warning nor did it have any sort of barricade erected around it.

Ms. Watkins brought suit against Central Contracting and the United States in this Court. Central Contracting was dismissed from the action, due to lack of subject-matter jurisdiction. Watkins then brought suit against Central Contracting in the Circuit Court of Montgomery County. The action here was stayed, pending the state court's decision. The state court found that she was contributorily negligent and denied recovery. After the conclusion of the state-court proceedings, this case was returned to the active docket.

### DISCUSSION

The plaintiff brings suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.[1] alleging that the United States negligently and wantonly caused her to suffer injury to her knee. The Government responds that it owed her no duty to warn or to otherwise protect her from an obvious danger.

#### A. *Collateral Estoppel*

■ The defendant claims that the plaintiff is barred from relitigating the issue of Ms. Watkins' contributory negligence in this Court by the doctrine of collateral estoppel. A federal court is required to give to a state-court judgment the same preclusive effect as would be given the judgment under the law of the state in which the district court sits. *Migra v. Warren City School Dist. Bd. of Education* 465 U.S. 75,

---

1. She has met the administrative prerequisite.

104 S.Ct. 892, 79 L.Ed.2d 56 (1984).[2] Thus the Court must look to Alabama law to determine what effect to give the state court's determination.

 The Alabama Supreme Court in *Pierce v. Rummell,* 535 So.2d 594, 596–97 (Ala.1988), states that the defense of collateral estoppel requires four elements: (1) the issue is identical to one litigated in the prior suit; (2) the issue was actually litigated in the prior suit; (3) the resolution of the issue must have been necessary to the prior judgment; and (4) the parties must be identical.[3] Because the United States was not a party to the state-court action, it cannot use collateral estoppel to bar litigation of the contributory negligence issue in the instant case. It should also be noted that the plaintiff's claim for wantonness would not have been barred by the doctrine of contributory negligence, even if this Court had been bound by the state court's determination.

### B. *Landowner Liability*

 In any action brought under the FTCA, the district court must apply the tort law of the state in which it sits. In Alabama, the traditional rule has been that a landowner owes the employee of an independent contractor the same duty as it owes an invitee.[4] This duty is a duty to warn of dangerous conditions. *Glenn v. U.S. Steel Corp.,* 423 So.2d 152, 154–56 (Ala.1982); *see also Wallace v. Tri–State Motor Transit Co.,* 741 F.2d 375, 376 (11th Cir.1984). However, under this rule, if the invitee knows about the dangerous condition, the landowner is not responsible for injuries caused by the condition. *Glenn,*

423 So.2d at 154. By this reasoning, the United States is not responsible for Ms. Watkins' injury as a matter of law, because she knew about the dangerous condition which caused it.

However, there is some indication that the Alabama Supreme Court may be leaning away from this rule in favor of that expressed in the Restatement (Second) of Torts: a landowner is not liable to invitees for physical harm caused by a known danger *unless the landowner should anticipate the harm despite such knowledge or obviousness.* Restatement (Second) of Torts § 343A (1965) (emphasis added). Under this rule, if the United States should have foreseen the substantial risk of injury despite the warning, it can be held responsible for her injury, even though she also knew about the danger.

In several recent cases, the Alabama Supreme Court quoted, with evident approval, the Restatement (Second) rule. *See Hines v. Hardy,* 567 So.2d 1283, 1284 (Ala.1990) (plaintiff slipped on a wet crosstie); *Terry v. Life Ins. Co. of Georgia,* 551 So.2d 385, 386 (Ala.1989) (plaintiff slipped on worn carpet). In several cases decided subsequent to these decisions, the Alabama Supreme Court stated the old rule without mentioning the Restatement (Second) rule at all. *See, e.g., Armstrong,* 575 So.2d at 1053 (invitee warned of skylight hazard); *Howell v. Cook,* 576 So.2d 227, 228–29 (Ala. 1991) (invitee should have realized that fallen peaches are slippery); *Richards v. Henderson,* 589 So.2d 709, 710 (Ala.1991) (invitee should have realized that fallen pecan tree branches are brittle). In the latter

---

**2.** The Government mentions *Johnson v. United States,* 576 F.2d 606, 609 (5th Cir.1978) in its brief. In that case, the Fifth Circuit held that when an action is brought under the FTCA, a federal district court must apply federal rules of collateral estoppel to the prior judgment of a *federal* court. This is not the situation before the Court in this instance.

**3.** The defendant cites an earlier Alabama case which does not require that the parties in both suits be the same. *See Wheeler v. First Alabama Bank,* 364 So.2d 1190, 1199 (Ala.1978). While it may be true that as a matter of federal collateral estoppel, the requirement that the parties be identical is on the wane, Alabama has not

followed that trend. *See Lott v. Toomey,* 477 So.2d 316, 319 (Ala.1985).

**4.** The relationship between the United States and Ms. Watkins is that of landowner and business invitee, not employer and employee because Ms. Watkins' employer was an independent contractor of the United States. The United States did not exercise the sort of control over Central Contracting that would change the relationship between the two of them into that of master and servant. *See, e.g., Armstrong v. Georgia Marble Co.,* 575 So.2d 1051, 1052–53 (Ala.1991).

cases, the issue of the landowner's anticipation of the harm was never at issue, so that they cannot be deemed a repudiation of the Restatement (Second) rule.

In this case, if the proof shows that the only way the plaintiff could get to her work was by traversing a dangerous area and if the proof further shows that she sought alternative ways to get to work but was denied such access, it would seem that the rule of the Restatement (Second) is the fair and proper rule and, in this Court's opinion, is the rule the Supreme Court of Alabama would follow.

Moreover, the plaintiff also claims that the United States was wanton in refusing to give Ms. Watkins a key to the front door, when the alternative was for her to traverse an area in the dark which was made dangerous by the presence of construction equipment and holes. Whether such conduct rises to the level of wantonness is a question which should be resolved after all of the facts have been developed at trial.

Because the Court cannot grant summary judgment as a matter of law and because there are material issues of fact which remain to be resolved, the defendant's motion for summary judgment is DENIED.

DONE this 29th day of April, 1992.