Before I can reach the issue of whether Ms. McClendon assumed the risk as a matter of law, I must first find substantial evidence that Mountain Top Indoor Flea Market, as invitor, breached its duty of care to Ms. McClendon, as invitee. There is no duty to warn of open and obvious conditions of which the invitee should be aware in the exercise of reasonable care.
Ms. McClendon's testimony shows that she knew that the ground on which she was walking was composed of dirt and gravel; that she had walked on this common area of the flea market at least 25 different times before her injury; that she knew how to walk on dirt and gravel and had known how to since she was a "girl"; and that "[e]verybody knows that gravel will slip on dirt when they walk on it."
When asked "Tell me what happened," Ms. McClendon testified under oath: "I stepped on a piece of gravel, and my foot slid, and I lost my balance, and down I went on my foot."
I find no substantial evidence of a breach of duty by Mountain Top Indoor Flea Market; and I would affirm on the basis of Shaw v. Lipscomb, 380 So.2d 812 (Ala. 1980) (summary judgment for defendant affirmed where plaintiff stepped on a twig or sweetgum ball that rolled and caused plaintiff to fall); Hines v. Hardy, 567 So.2d 1283 (Ala. 1990) (summary judgment for defendant affirmed where plaintiff stepped on an outdoor cross-tie, which plaintiff knew about and knew was slippery due to rain that day).
STEAGALL, J., concurs. *Page 962