612 So.2d 1162 (1992)
Marcella HALE and Leonard Hale
v.
SEQUOYAH CAVERNS AND CAMPGROUNDS, INC.
1911075.
Supreme Court of Alabama.
December 11, 1992.
Rehearing Denied February 5, 1993.
*1163 Steven G. Noles, Fort Payne, for appellants.
Terry McElheny of Dominick, Fletcher, Yeilding, Wood & Lloyd, P.A., Birmingham, for appellee.
Jack Drake, Drake & Pierce, Tuscaloosa, and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for amicus curiae Alabama Trial Lawyers Ass'n.
STEAGALL, Justice.
Marcella Hale and her husband, Leonard Hale, sued Sequoyah Caverns and Campgrounds, Inc., alleging liability for injuries sustained by Marcella in a slip and fall accident on the premises of Sequoyah Caverns, a tourist attraction owned and operated by the defendant.[1] The trial court entered a summary judgment in favor of Sequoyah Caverns and denied the Hales' post-judgment motion. The Hales appeal.
On September 9, 1989, the Hales were exhibiting and selling their products at a crafts show held at Sequoyah Caverns. The Hales had rented, from the defendant, an area on which to exhibit their crafts. During the show, Marcella crossed a drainage ditch to see some other exhibitions and to use a portable restroom. As she was returning to the Hales' exhibition, she slipped and fell in the drainage ditch and was injured.
The Hales contend that the trial court erred in entering the summary judgment because, they argue, there is a genuine *1164 issue of fact as to whether the allegedly dangerous nature of the ditch where Marcella fell was open and obvious. The Hales also contend that even if the allegedly dangerous condition was open and obvious, there is a genuine issue of material fact as to whether the defendant breached its duty of care owed to the Hales.
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court must review the evidence in a light most favorable to the nonmovant. Thetford v. City of Clanton, 605 So.2d 835 (Ala. 1992). This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala.Code 1975, § 12-21-12. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position. Betts v. McDonald's Corp., 567 So.2d 1252 (Ala.1990). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
At the outset, we hold that Marcella Hale was a business invitee on the premises and, therefore, that Sequoyah Caverns owed her a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992). In order for the Hales to recover, they must prove that Marcella's fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; and that the defendant had or should have had notice of the defect before the time of the accident. Shaw v. City of Lipscomb, 380 So.2d 812 (Ala.1980).
In McClendon, the plaintiff slipped and fell while walking on a gravel and dirt surface, which she alleged concealed a sharp decline. This Court held that there was a genuine issue of material fact as to whether the defendant had used reasonable care and diligence to maintain the surface of the premises in a safe condition and whether the plaintiff knew or should have known of the risks associated with walking on a gravel and dirt surface that allegedly concealed the sharp decline. In Shaw, the plaintiff fell in a grassy area in a city park after she stepped on a twig or sweetgum ball that rolled. This Court held that the plaintiff did not produce sufficient evidence to create a genuine issue of fact as to whether the City of Lipscomb had breached a duty owed to the plaintiff.
The record in the instant case, viewed in a light most favorable to the Hales, reveals that, unlike the surface involved in McClendon, the surface of the ditch where Marcella fell was covered with grass and that the grass had been mowed. Leonard Hale testified in his deposition that he did not see any gravel in the ditch and that the angles of both sides of the ditch were visible. Marcella testified in her deposition that she had crossed the ditch earlier that day and that she did not know what caused her to fall. She testified that there was a bridge available that she could have used to access the portable restrooms. In his affidavit submitted in opposition to the motion for summary judgment, Leonard stated, "There are defects in the terrain where [Marcella] fell and was injured, which render [the ditch] unsafe for pedestrian traffic." Leonard testified in his deposition that the defects in the terrain would be that "the ditch would be too slippery for someone to cross"; however, Leonard further testified that other people were crossing the ditch without any trouble.
Based on the record before us, we hold that the Hales have not presented substantial evidence that Marcella's fall resulted from a defect or instrumentality on the defendant's premises that was the result of the defendant's negligence and of which the defendant had or should have had notice. See Shaw, supra.
Because of our ruling on this issue, we pretermit discussion of the remaining issues raised by the Hales.
*1165 The trial court's judgment is affirmed.
AFFIRMED.
MADDOX, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
HORNSBY, C.J., and ALMON and SHORES, JJ., concur in the result.
HORNSBY, Chief Justice (concurring in the result).
Although I agree with the majority that the summary judgment is due to be affirmed in this case, I write to emphasize that the appropriate analysis should consider the Restatement (Second) of Torts § 343A (1965), which reads:
"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Emphasis added).
Since I wrote my dissent in Grider v. Grider, 555 So.2d 104 (Ala. 1989), this Court has employed this analysis in Breeden v. Hardy Corp., 562 So.2d 159 (Ala.1990), and Campbell v. Valley Garden Apartments, 600 So.2d 240 (Ala. 1992).
The emerging trend among other jurisdictions is toward adoption of the "foreseeability" rule of § 343A. Kremer v. Carr's Food Center, Inc., 462 P.2d 747 (Alaska 1969) (applying § 343A); Courtney v. Allied Filter Engineering, Inc., 181 Ill.App.3d 222, 129 Ill.Dec. 902, 536 N.E.2d 952 (1989) (applying § 343A); Douglass v. Irvin, 549 N.E.2d 368 (Ind.1990) (applying the "foreseeability" rule of § 343A); Konicek v. Loomis Bros., Inc., 457 N.W.2d 614 (Iowa 1990) (applying § 343A); Murray v. Eastern Maine Medical Center, 447 A.2d 465 (Me. 1982) (acknowledging adoption of § 343A); Riddle v. McLouth Steel Products Corp., 440 Mich. 85, 485 N.W.2d 676 (1992) (applying the "foreseeability" rule of § 343A); Adee v. Evanson, 281 N.W.2d 177 (Minn.1979) (applying the "foreseeability" rule); Kronen v. Richter, 211 Mont. 208, 683 P.2d 1315 (1984) (adopting § 343A); Burns v. Veterans of Foreign Wars, 231 Neb. 844, 438 N.W.2d 485 (1989) (applying the "foreseeability" rule of § 343A); Klopp v. Wackenhut Corp., 113 N.M. 153, 824 P.2d 293 (1992) (holding that an occupier of a premises of public accommodation must safeguard invitees from dangers reasonably foreseeable); Southern Ry. v. A.D.M. Milling Co., 58 N.C.App. 667, 294 S.E.2d 750 (1982) (applying § 343A), review denied, 307 N.C. 270, 299 S.E.2d 215 (1982); Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120 (1983) (applying the "foreseeability" rule). These courts have abolished the traditional common-law "open and obvious danger" defense, which completely bars recovery if the danger is known by, or is obvious to, the plaintiff.
Other courts have limited the "open and obvious" rule without specifically adopting § 343A but by holding that the entrant's knowledge of a dangerous condition or its obviousness does not, ipso facto, preclude recovery. Lewis v. United States, 663 F.2d 818 (8th Cir.1981) (applying Florida law) (holding that obviousness does not necessarily relieve the landowner of a duty of care); King Soopers, Inc. v. Mitchell, 140 Colo. 119, 342 P.2d 1006 (1959) (obviousness of danger not relevant "where the condition is one which the invitee would not expect to find in the particular place, or his attention is distracted by something on the premises, or the condition is one, such as icy steps, which cannot be encountered with reasonable safety even though the invitee is aware of it"); Tissue v. Volta, 102 U.S.App.D.C. 389, 254 F.2d 88 (1957) (holding that a landlord must use reasonable care under all the circumstances); Harrison v. Taylor, 115 Idaho 588, 768 P.2d 1321 (1989) (rejecting the traditional "open and obvious danger" defense and instead using standard of "ordinary care under the circumstances"); Williamson v. Derry Electric Co., 89 N.H. 216, 196 A. 265 (1938) (holding that invitee's knowledge and appreciation of danger do not discharge landowner's duty to provide a reasonably safe premises); and Parker v. Highland Park, Inc., 565 S.W.2d 512 (Tex.1978) (abolishing the "open and obvious danger" rule of no duty).
The Restatement view reflects a growing judicial awareness that occupiers of premises are generally in a better position *1166 in modern society to protect the public from hazards than are invitees who must go into public places to function in that society. In addition, the Restatement view encourages landowners to repair defects, rather than to keep them "open and obvious" in order to avoid liability under the traditional approach. Furthermore, the Restatement view properly balances the interests of landowners and invitees. It sets out "a requirement of due care to make the conditions reasonably safea requirement that might well be satisfied by warning or obviousness in any given case, but that would not be so satisfied invariably." 5 F. Harper, F. James & D. Gray, The Law of Torts, § 27.13, p. 241 (2d ed. 1986). In striking a balance between the interests of landowners and invitees, the Restatement view has been described as follows:
"The Restatement, Torts 2d rules avoid the rigidity of the traditional common-law rule by permitting the courts to hold that a plaintiff's knowledge of the danger does not necessarily absolve the occupier of liability, and permit a plaintiff to recover if it appears and is found that the risk was one which would not be anticipated or appreciated by the invitee, or where the occupant can and should anticipate that the dangerous condition will cause harm to the invitee notwithstanding its known or obvious danger, as where, for example, the plaintiff, in encountering it, did so not wholly as a matter of choice."
62 Am.Jur.2d Premises Liability § 157, pp. 524-25 (1990).
In determining whether the possessor of land has breached a duty owed to an invitee, the Restatement view requires a determination of whether the possessor has reason to expect that the invitee will suffer physical harm, despite the invitee's knowledge of a danger on the land, in which case the possessor must warn the invitee or take other reasonable steps to protect the invitee. Restatement (Second) of Torts § 343A cmt. f (1965). Reasons that may cause the possessor to expect harm to visitors from known or obvious dangers include situations where
"the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it ... or proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."
Restatement (Second) of Torts § 343A cmt. f (1965). Other factors that may be relevant in determining whether a possessor should have anticipated harm include actual notice of previous injuries, the nature of the structure, the availability of an alternative, the nature and degree of the darkness, the seriousness of the danger, and the kind and extent of any warning that may have been given. See Parker v. Highland Park, Inc., 565 S.W.2d 512 (Tex. 1978).
Under the facts of this case, there is nothing in the evidence to indicate that Sequoyah should have anticipated the harm that occurred to Hale, despite her knowledge of the ditch or the obviousness of the danger it posed. As the majority notes, Sequoyah provided a bridge as an alternative route to the portable restrooms. In addition, the evidence indicates that the danger posed by the condition of the ditch was not a serious danger, because other people were crossing the ditch without any trouble. The plaintiffs presented no evidence of any other reason that would cause Sequoyah to expect that Marcella Hale would be harmed because of the condition of the ditch. Therefore, I agree with the majority that the summary judgment in favor of Sequoyah is due to be affirmed.
SHORES, J., concurs.
NOTES
[1] Leonard's claim was for loss of consortium.